IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CUSTOM CUPBOARDS, INC.,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**VENJAKOB MASCHINEBAU GMBH & CO. KG and FIRE PROTECTION SERVICES INC.,**<br><br>*Defendants*. | Case No. 08-1081-EFM-DWB |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to remand this case to state court (Doc. 9) to which Defendant Venjakob responded (Doc. 13).[1] The matter has now been fully briefed. For the following reasons, the court GRANTS Plaintiff's motion to remand to state court.

**Background**

Plaintiff Custom Cupboards, Inc. is a corporation organized in Kansas and is a Kansas citizen. Defendant Venjakob is a corporation organized in Germany and is a citizen of Germany. Defendant Fire Protection Services ("FPS") is a corporation organized in Kansas and is a Kansas citizen.

---

[1]Defendant Fire Protection Service also filed a response (Doc. 14). Plaintiff, however, moved this court to strike Defendant's response because it was untimely. (Doc. 15). Defendant FPS has not responded to this motion or offered any explanation for the untimeliness of its response. As such, the court is granting Plaintiff's motion to strike Defendant Fire Protection Service's response.

-1-

Plaintiff filed its Petition in Sedgwick County on December 20, 2007 against Defendants Venjakob and FPS. Plaintiff's petition alleged that Plaintiff contracted with Defendant Venjakob for a spray machine for the use in Plaintiff's manufacturing business, but that the spray machine failed and caused a fire with damages in excess of $75,000. Plaintiff also alleged that prior to the date of the fire, FPS assumed the duty to inspect the fire protection systems at the premises and never warned Plaintiff of fire protection deficiencies in the spray machine.

The petition alleged five causes of action: strict liability; negligence; breach of implied warranty of merchantability; breach of implied warranty of fitness for particular purpose; and breach of express warranty. Plaintiff incorporated its factual contentions into each cause of action. Defendant Venjakob was addressed specifically in each count. Defendant FPS was not addressed specifically in any cause of action. Plaintiff claimed that it was the result of "defendants' breach of their duties to warn and to provide adequate instructions" that it suffered damages.

On March 19, 2008, Defendant Venjakob timely filed a notice of removal asserting that this Court had diversity jurisdiction.[2] Although complete diversity of citizenship does not exist on the face of the pleadings because Plaintiff and Defendant FPS are both citizens of Kansas, Defendant Venjakob contended in its notice of removal that Plaintiff fraudulently joined Defendant FPS. Because this fraudulent joinder should be disregarded, Defendant Venjakob contends that there is complete diversity of the parties and removal to federal court is appropriate. Plaintiff timely filed its motion to remand to state court on April 16, 2008 asserting that the parties were not diverse and the court therefore did not have jurisdiction.

**Analysis**

---

[2]Doc. 1.

---

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[3] Jurisdiction based on subject matter requires that the amount in controversy exceed $75,000 and that each defendant is a resident of a different state than each plaintiff.[4] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[5]

The party requesting removal has the burden to establish the federal court's jurisdiction.[6] "Removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought."[7] "Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction."[8] If there are any doubts regarding the federal court's jurisdiction, the court must resolve these doubts in favor of remand.[9]

"Fraudulent joinder is a term of art, which does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant."[10] "[U]pon specific allegations of fraudulent

---

[3] 28 U.S.C. § 1441(a).

[4] 28 U.S.C. § 1332.

[5] 28 U.S.C. § 1447(c).

[6] *Wolf Creek Nuclear Operating Corp. v. Framatome Anp, Inc.*, 416 F.Supp.2d 1081, 1084-85 (D. Kan. 2006).

[7] *Id.* at 1085.

[8] *Turner v. Lester*, 2008 WL 2783544, *2 (D. Kan. 2008).

[9] *Thurkill v. The Menninger Clinic, Inc.*, 72 F.Supp.2d 1232, 1234 (D. Kan. 1999).

[10] *City of Neodesha, Kansas v. BP Corp. N. Am. Inc.*, 355 F.Supp.2d 1182, 1187 (D. Kan. 2005).

joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." [11]

The party asserting fraudulent joinder has a heavy burden.[12] To establish fraudulent joinder, the removing party must establish that "there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court."[13]  "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)."[14]  "All disputed questions of fact or ambiguities in law must be resolved in favor of the non-removing party.[15]  Remand is required if there is the possibility of the viability of any of the claims against the non-diverse defendant.[16]

When determining whether removal is proper, the court must consider the sufficiency of plaintiff's complaint at the time of removal.[17]  Kansas is a notice pleading state.  K.S.A. § 60-208(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "A rule of liberal construction applies when judging whether a claim has been stated.  The purpose of the petition is to give notice of the substance of the plaintiff's claims."[18]

This Court must look at Plaintiff's petition at the time of Defendant Venjakob's removal to

---

[11] *Wolf Creek*, 416 F.Supp.2d at 1085.

[12] *Id.* at 1086.

[13] *Id.* at 1086 (*quoting Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, *1-2 (10th Cir. 2000).

[14] *Id.*

[15] *Id.*

[16] *Id.* at 1086.

[17] *Storlein v. Weigand, M.D.*, 2006 WL 3068878, *2 (D. Kan. 2006).

[18] *Montoy v. State*, 275 Kan. 145, 148, 62 P.3d 228, 231-32 (2003).

determine whether Plaintiff has stated a claim against the non-diverse party, Defendant FPS. There are five causes of action alleged in the state court petition. Under the heavy burden of fraudulent joinder, the removing party must demonstrate that there is no possibility that Plaintiff could prevail on any of its claims against the non-diverse party. Defendant Venjakob contends that Plaintiff has not stated a cause of action against Defendant FPS because there are vague and minimal factual allegations asserted against Defendant FPS.   Plaintiff argues that it has alleged a cause of action against Defendant FPS for negligence under Kansas' liberal pleading requirements.

"In order to establish a negligence claim, the plaintiff must establish the existence of a duty, a breach of that duty, an injury, and proximate cause, which means a causal connection between the duty breached and the injury."[19]   In the petition, Plaintiff asserted that Defendant FPS assumed the duty to inspect and maintain the fire protection systems and that Defendant FPS never warned Plaintiff of the fire protection deficiencies in the spray machine. Plaintiff appears to imply, without stating, that Defendant FPS had a duty to Plaintiff with regard to the spray machine. Plaintiff also alleged that due to Defendants' failure to warn, it suffered a loss.

While the court agrees with Defendant Venjakob that Plaintiff's petition is lacking in specific details against Defendant FPS, Kansas is a notice pleading state. "[O]n a motion to remand, the Court is primarily concerned with the allegations made in the Petition, rather than the evidence needed to sustain those allegations."[20] The court notes that Plaintiff has filed a motion for leave to file an amended complaint.[21]   The Court did not consider the proposed amended complaint in

---

[19] *Hale v. Brown*, --- P.3d ----, 2008 WL 5101280, *2 (Kan. 2008).

[20]*Wolf Creek*, 416 F.Supp.2d at 1089.

[21]Doc. 18.

deciding whether plaintiff stated a claim. Although Plaintiff's petition is minimal against Defendant FPS, under Kansas' liberal pleading requirements, Plaintiff has stated a negligence cause of action against Defendant FPS. Plaintiff has claimed that Defendant FPS assumed a duty to inspect, breached that duty by failing to warn of the fire protection deficiency, and the failure to warn resulted in a loss.

Defendant Venjakob is required to prove that there is no possibility of recovery against Defendant FPS to prove fraudulent joinder. This Court is not convinced that there is no possibility of recovery against Defendant FPS for negligence, and therefore concludes that Defendant FPS was not fraudulently joined.

**IT IS THEREFORE ORDERED** that Plaintiff Custom Cupboards, Inc. Motion for Remand to State Court (Doc. 9) is granted.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE